OPINION
{¶ 1} Defendant-appellant, A 2 Z Computers, Inc., appeals the decision of the Portage County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Attorney Recovery Systems, Inc. For the following reasons, we reverse the decision of the court below.
 {¶ 2} Igor Shekhtman is the principal officer of A 2 Z Computers, which custom manufactures and retails personal computers and accessories in Aurora, Ohio. Wintec Industries, Inc. is a manufacturer, distributor, and service supplier of computer technology headquartered in Fremont, California. A 2 Z Computers purchased computer software and hardware from Wintec from the 1990's until 2003.
 {¶ 3} Wintec's return policy is only to accept items returned with a Return Merchandise Authorization ("RMA") number. On January 28, 2003, A 2 Z Computers submitted an RMA Request Form to Wintec for a single Gigabyte GA-8SG667 motherboard, originally invoiced on October 4, 2002. The RMA number assigned to A 2 Z Computer's request was 93382.
 {¶ 4} On January 29, 2003, A 2 Z Computers alleges it returned Wintec merchandise worth $43,333. In support of its contention, A 2 Z Computers submitted a credit invoice, dated January 29, 2003, and bearing the RMA number 93382. This invoice describes the items returned to Wintec as 20 Gigabyte GA-8SG667 motherboards, 60 units of MS Windows XP Professional, 50 units of MS Windows XP Home, and 21 units of MS Office XP Professional. A 2 Z Computers also submitted a FedEx "proof of delivery letter" dated July 15, 2004. This letter evidences a shipment to Wintec on January 29, 2003, weighing 68 pounds. According to the letter, the shipment was successfully "delivered" to Wintec on February 4, 2003.
 {¶ 5} In July 2003, Wintec sold to A 2 Z Computers hardware and software with a value of $39,680. Specifically, the $39,680 represents the sale of 20 units of MS Office XP Small Business, 37 units of MS Windows XP Professional, 50 units of MS Windows XP Home, and 5 units of MS Windows 2003 Server. This sale is evidenced by a Wintec invoice dated July 24, 2003.
 {¶ 6} ENX, Inc., a factor of Wintec, paid Wintec the $39,680 balance for the July shipment to A 2 Z. ENX assigned its collection rights for the A 2 Z account to Attorney Recovery Systems, Inc. On January 28, 2004, Attorney Recovery Systems filed suit against A 2 Z Computers and Shekhtman for $39,680 as an action on an account and/or for breach of contract. A 2 Z Computers answered and raised a counterclaim for the value of the merchandise returned to Wintec in February 2003.
 {¶ 7} On March 15, 2004, Attorney Recovery Systems filed an amended complaint, alleging the right to collect against Shekhtman as personal guarantor of A 2 Z Computer's debts. When A2Z Computers answered the amended complaint, A 2 Z omitted the counterclaim for returned merchandise but raised the claim of offset as an affirmative defense.
 {¶ 8} Attorney Recovery Systems moved for summary judgment. The validity of the unpaid $39,680 balance has not been disputed. Both parties disputed A 2 Z Computers' claim regarding the returned merchandise. On May 19, 2005, the trial court granted summary judgment in favor of Attorney Recovery Systems in the amount of $39,680 plus interest. A 2 Z Computers has timely appealed.
 {¶ 9} The following assignment of error is raised on appeal: "The trial court erred to the prejudice of defendant-appellant in granting summary judgment to plaintiff-appellee because there are genuine issues of material fact."
 {¶ 10} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) the evidence shows "that there is no genuine issue of material fact" to be litigated, (2) "[t]he moving party is entitled to judgment as a matter of law," and (3) "it appears from the evidence * * * that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion is made, that party being entitled to have the evidence * * * construed most strongly in the party's favor." A trial court's decision to grant summary judgment is reviewed by an appellate court under a de novo standard of review. Graftonv. Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. A de novo review requires the appellate court to conduct an independent review of the evidence before the trial court without deference to the trial court's decision. Brown v. Cty. Commrs.of Scioto Cty. (1993), 87 Ohio App.3d 704, 711 (citation omitted).
 {¶ 11} On appeal, A 2 Z Computers argues that a genuine issue of material fact exists regarding its claimed setoff for returned merchandise. We agree.
 {¶ 12} In opposition to the motion for summary judgment, A 2 Z Computers submitted the deposition and affidavit of Shekhtman and the affidavit of Steve Stepanski, the loading dock and shipping foreman at A 2 Z Computers. Both Shekhtman and Stepanski testified that $43,333 worth of Wintec merchandise was, in fact, packaged and returned to Wintec as evidenced by A 2 Z Computers' credit invoice and the FedEx proof of delivery letter. Stepanski further testified that he, "upon checking, did learn that the goods were delivered." Shekhtman further testified that he had weighed items, identical to the items allegedly returned, and their weight was "substantially the same [weight] as reflected in the [FedEx] shipping documents."
 {¶ 13} In its motion for summary judgment, Attorney Recovery Systems submitted the depositions and affidavits of various Wintec employees: Victor Montes, customer service department manager; Patrick Singh, account executive; Jackie Lam, credit specialist; Eric Wang, credit department manager; and Jenny Zhang, product manager. These witnesses testified that Wintec never received the items A 2 Z Computers alleges to have returned.
 {¶ 14} Attorney Recovery Systems raised several arguments against A 2 Z Computers' evidence. Attorney Recovery Systems argues that A 2 Z Computers never raised the issue of credit for returned merchandise until after suit was filed in January 2004; that FedEx will no longer confirm delivery because 18 months have passed since the delivery; that A 2 Z Computers knew that Wintec required MRA numbers for all returned merchandise; that Wintec only authorized the return of a single Gigabyte motherboard; that Wintec only sold A 2 Z computers 19 Gigabyte motherboards in the course of their business relationship; and that the weight of the items A 2 Z Computers alleges to have returned would have been 202.72 pounds.
 {¶ 15} None of these arguments establish that Attorney Recovery Systems is entitled to judgment as a matter of law. The facts that A 2 Z Computers did not follow Wintec's return procedures, did not claim a credit until suit was filed, and that FedEx can no longer confirm delivery are not evidence that A 2 Z Computers did not return the items it claims, but rather arguments bearing on the credibility of A 2 Z Computers' evidence. The issues of whether A 2 Z Computers returned the items it claims to have returned, what these items weighed in shipping, and whether Wintec sold A 2 Z Computers more than 19 Gigabyte motherboards are factual issues on which there is conflicting evidence. Construing the evidence is a light most favorable to A 2 Z Computers, there is substantial evidence in the record that A 2 Z Computers returned merchandise to Wintec with a value of $43,333, offsetting the $39,680 A 2 Z Computers owes for the July 2003 purchase.
 {¶ 16} The question to be determined in summary proceedings has been described as "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 251-252. In the present case, the factual conflicts in the evidence require submission to a jury for resolution. Pierson v. NorforkS. Corp., 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, at ¶ 36
("[t]he conflicting evidence and the inferences that can be drawn therefrom raise genuine issues of material fact that preclude the grant of summary judgment").
 {¶ 17} For the foregoing reasons, A 2 Z Computers' sole assignment of error has merit. The decision of the Portage County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, Attorney Recovery Systems, is reversed and this matter is remanded for further proceedings consistent with this opinion.
Rice, J., O'Toole, J., concur.